

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2008

# In Re: James T. Will

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2933

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: James T. Will " (2008). *2008 Decisions.* Paper 681.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/681

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-144                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2933
_____

IN RE: JAMES T. WILLIAMS,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 95-cr-00407-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 31, 2008

Before:    SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges

(Filed: August 11, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Presently before the Court is a petition for a writ of mandamus filed by James T.

Williams.  For the following reasons, we will deny the petition.

In 1996, Williams was convicted by a jury in the United States District Court for

the Eastern District of Pennsylvania of armed bank robbery and related crimes.  He was

sentenced to a term of 687 months in prison.  We affirmed on direct appeal.  United

States v. Williams, 151 F.3d 1027 (3d Cir. 1998) (table).

In 1999, the District Court appointed counsel to assist Williams in the preparation of a motion to vacate under 28 U.S.C. § 2255. Shortly before counsel submitted the motion, Williams filed several pro se motions in which he requested permission to proceed without appointed counsel. Following a hearing on April 5, 2000, the District Court issued an order partially granting Williams' request to proceed pro se. In that order, the District Court permitted Williams to submit a list of supplemental issues to his attorney, who would then submit those issues for filing in the District Court. Because Williams was then awaiting trial in state court, the District Court ordered that the filing of the supplemental issues should occur within sixty days of the conclusion of the trial, but in no event later than August 1, 2000. Williams did not abide by the deadline set forth in that order. The state trial concluded in August 2001, when Williams was convicted of first-degree murder and other charges. Commonwealth v. Williams, 896 A.2d 523, 530 (Pa. 2006).

On or about August 7, 2001, Williams submitted a pro se filing, which the District Court construed as a motion to reopen the deadline for asserting supplemental claims. On August 14, 2001, the District Court entered an order denying the motion to reopen, concluding that Williams had waived his right to raise supplemental issues pro se because the motion to reopen was filed more than one year after the deadline specified in the April 5, 2000 order. Shortly afterward, the District Court issued its decision denying relief under § 2255. United States v. Williams, 166 F. Supp. 2d 286 (E.D. Pa. 2001). Williams

2

appealed that decision. In our order denying a certificate of appealability, we noted that "[t]he District Court, in its order entered August 14, 2001, did not abuse its discretion in denying Williams further opportunity to add supplemental claims to his motion filed pursuant to 28 U.S.C. Section 2255." United States v. Williams, No. 01-4125 (3d Cir. Sept. 24, 2002); see also United States v. Williams, No. 02-4427, slip op. at 2, 5 (3d Cir. Aug. 7, 2003).

Williams now petitions this Court for a writ of mandamus directing the District Court to "correct" its order of August 9, 2001, denying his request to file an out-of-time supplement to his motion to vacate. He claims that the District Court should not have required him to submit the supplemental claims while his state trial was pending, and that he was assured by the District Court at the April 5, 2000 hearing that he would be able to supplement his § 2255 motion following the conclusion of his trial.

Mandamus is a drastic remedy that is available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To prevail, a petitioner must show "no other adequate means to attain the desired relief, and . . . [a] right to the writ [that] is clear and indisputable." See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (internal quotation marks and citation omitted).

Williams has failed to demonstrate that he is eligible for mandamus relief based on his challenge to the District Court's order of August 9, 2001. It is obvious that he is attempting to relitigate the issue of whether the District Court improperly denied his

3

request for additional time beyond the August 1, 2000 deadline to supplement his § 2255 motion. We addressed that issue in C.A. No. 01-4125, and we will not revisit the matter here. See In re Chambers Dev. Co., 148 F.3d 214, 226 (3d Cir. 1998) ("[M]andamus is not a substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction.").

Williams also requests a writ of mandamus ordering the District Court to rule on a motion that he filed on September 7, 2004. Because that motion was decided on July 9, 2008, the request for mandamus relief is now moot.

For the above-stated reasons, we will deny the petition for a writ of mandamus.[1]

---

[1] Williams has also filed a "Motion for Court to Consider New Evidence." We grant the motion to the extent that it may be construed as a supplement to the mandamus petition. However, we observe that the "new evidence" cited by Williams is not relevant to the question of whether a writ of mandamus should issue.